**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

FAIR HOUSING JUSTICE CENTER, INC.

                    Plaintiff,

    v.

LIGHTHOUSE LIVING LLC;
LIGHTHOUSE LIVING MANAGEMENT LLC;
LIGHTHOUSE LIVING REALTY, LLC;
LIGHTHOUSE ENTERPRISES LLC;
ONE DEKALB LLC; AGD DEKALB LLC;
AGD NORTH PEARL LLC; AGD PEARL
CONSTRUCTION LLC; 550 HALSTEAD
AVENUE LLC; AGD HARRISON LLC;
CREATE DEVELOPMENT LLC;
CAMPO CROCE LLC;
J&J MANAGEMENT SERVICES LLC, and
PAPP ARCHITECTS, P.C.,

                    Defendants.

---------------------------------------------------------------X

Case No. 7:20 Civ. 04066 (NSR)(PED)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to the above-captioned case (the "Parties") are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents;

WHEREAS, the Parties may be required in the course of discovery to produce or disclose confidential and/or proprietary business information, or other information that is non-public and sensitive in nature;

WHEREAS, good cause exists for entry of this Stipulated Protective Order ("Stipulation");

WHEREAS, the entry of this Stipulation will expedite the flow of discovery material, and will facilitate prompt resolution of disputes over confidentiality;

THEREFORE, IT IS HEREBY STIPULATED and ORDERED that:

    1.    This Stipulation shall govern the handling of all information, material, and documents disclosed during the course of the Action by any Party or by any non-party acting voluntarily or in response to Court-authorized discovery, including taking depositions, responding

to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2. As used herein:

(a) "Producing Party" shall mean any Party or any non-party producing Litigation Material.

(b) "Receiving Party" shall mean any Party or any non-party receiving Litigation Material.

3. Designation of Information as Confidential or Confidential—Attorney's Eyes Only. Counsel for any Producing Party may designate as "Confidential" any Litigation Material if counsel believes in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Counsel for any Producing Party may designate as "Confidential—Attorney's Eyes Only" any Litigation Material if counsel believes in good faith that the information contained in the Litigation Material at issue requires a heightened level of confidentiality because it is so sensitive that even if designated as Confidential under this Stipulation, the opposing Party still should not be permitted to review its contents. The protections conferred by this Stipulation cover not only "Confidential" material and "Confidential—Attorney's Eyes Only" material (as defined above and, collectively, "Confidential/AEO"), but also (1) any information copied or extracted from Confidential/AEO material; (2) all copies, excerpts, summaries, or compilations of Confidential/AEO material; and (3) any testimony, conversations, or presentations by parties or their counsel the production or disclosure of which is reasonably likely to reveal Confidential/AEO material. Within twenty-one (21) days from the entry of an Order on this Agreement, any of the Parties may designate materials already produced in this Action as "Confidential." Litigation

Material may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" using the following methods:

(a) Documents or other tangible Litigation Material may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by stamping or writing the word "Confidential" or "Confidential—Attorney's Eyes Only" on the Litigation Material prior to the production of the documents or items. For multiple page documents, the designation of "Confidential" or "Confidential—Attorney's Eyes Only" shall be made on all pages containing "Confidential" or "Confidential—Attorney's Eyes Only" information.

(b) In the case of electronically stored information, documents, or written discovery responses, such materials may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by specifically identifying what portions of such materials are being designated as "Confidential" or "Confidential—Attorney's Eyes Only" either by cover letter or in the Producing Party's written responses to the discovery request pursuant to which the materials are being produced. Alternatively, if the materials are produced in such a manner that permits them to be stamped in some readily discernible way, then the Producing Party may stamp the material as "Confidential" or "Confidential—Attorney's Eyes Only" prior to production.

(c) Deposition or other testimony may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by identifying orally on the record that portion of the testimony designated as "Confidential" or "Confidential—Attorney's Eyes Only" or by making such designation by letter sent to counsel for all other Parties within twenty-one (21) days after notification from the court reporter that the transcript is available. Before this twenty-one (21) day period ends, the entire transcript shall be deemed to be presumptively "Confidential." After the twenty-one (21) days have passed, if the transcript or portions thereof have not been designated as

3

"Confidential" or "Confidential—Attorney's Eyes Only" by any party, such transcript or portions shall no longer be considered Confidential except upon stipulation by the Parties or Court order. The Party designating deposition testimony as "Confidential" or "Confidential—Attorney's Eyes Only" is responsible for ensuring that the transcript (or the relevant portions thereof) is physically marked as "Confidential" or "Confidential—Attorney's Eyes Only" by the court reporter.

    4.    <u>Disclosure of Confidential Information</u>.  All Litigation Material shall be used only in connection with the Action.  Litigation Material designated "Confidential" including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

    (a)    the Court and persons assisting the Court in this Action, including court reporters and stenographic or clerical personnel;

    (b)    the Parties' counsel, including in-house counsel, the employees of such counsel, and any persons employed or retained by such counsel for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

    (c)    the Parties;

    (d)    the Parties' parent companies, affiliates and subsidiaries, the employees of such Parties, and any persons employed or retained by such Parties for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

    (e)    subject to Paragraph 9 herein, any person who, by agreement of the Parties, is retained to assist in mediating the claims in this Action and such mediator's employees;

    (f)    subject to Paragraph 9 herein, independent experts and consultants retained

to assist counsel for the Parties in connection with this Action, and the employees of such experts and consultants who are assisting them in connection with their work in this matter;

(g) subject to Paragraph 9 herein, mock jurors and focus group members employed by counsel in preparation for trial in this lawsuit, provided that no documents or physical things that contain "Confidential" information will be left in the possession of any such person;

(h) subject to Paragraph 9 herein, deponents or witnesses who counsel for an examining party believes in good faith have a need to review such material and who are either (i) identified on the face of the document as an author, addressee or person who has previously seen such "Confidential" material, (ii) are current employees of the Producing Party, or (iii) were employees of the Producing Party at the time the "Confidential" information was created;

(i) persons who were the authors or original recipients of such documents;

(j) such other persons as hereafter may be designated by written agreement of all Parties in this Action or by order of the Court; and

(k) as provided in Paragraph 19(a).

5. **Disclosure of Confidential—Attorney's Eyes Only Information.** All Litigation Material designated "Confidential—Attorney's Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any person except a person or entity enumerated in subparagraphs 4(a), (b), (e), and (f) above. Absent the express written consent of the Producing Party, Litigation Material designated "Confidential—Attorney's Eyes Only" shall not be disclosed or communicated in any manner, either directly or indirectly, to persons or entities enumerated in in subparagraphs 4(c), (d), (g), and (h)-(k) above. Accordingly, whenever any documents, information, or other materials designated as "Confidential—Attorney's Eyes Only" are to be discussed or disclosed in a

5

deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "Confidential—Attorney's Eyes Only."

6. <u>Use of Confidential/AEO Information</u>.  Nothing in this Stipulation shall prevent a party from any use of its own Litigation Material in any manner consistent with applicable law. Litigation Material shall not be used by the parties or by any other persons or entities for any business or other purpose unless agreed to in writing by all Parties to this Action or as authorized by further order of the Court.  Persons to whom and entities to which Confidential/AEO information is furnished shall not disclose this Confidential/AEO information to any person not entitled under this Order to receive it.  These restrictions on the use of Confidential/AEO information are applicable only to the use by the recipients of another person's or entity's Confidential/AEO information.  Confidential/AEO information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. <u>Distribution of Confidential/AEO Information</u>.  Unless otherwise approved by the Parties in writing, Confidential/AEO information (including any summaries or extracts) shall not be disclosed to any persons or entities other than those enumerated in Paragraph 4.  Disclosure to any of the persons or entities enumerated in Paragraph 4 shall be made solely for the purpose of evaluating, mediating, and/or litigating the claims in this Action.

8. <u>Inadvertent Production</u>.  If a document or other information is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality designation or other information and the Parties shall thereafter treat the document or other information as "Confidential" or "Confidential—Attorney's Eyes Only," provided that

such assertion is made within five (5) business days of the Producing Party's discovery or notification of the inadvertent disclosure. After such an assertion, each Party shall affix the legend "Confidential" or "Confidential—Attorney's Eyes Only" to each copy of the newly designated document or other information in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom the Party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document or other information in its possession.

9. <u>Acknowledgement</u>. Before any disclosure of Confidential/AEO information is made to any of the entities or persons described in paragraph 4(d), (e), (f), (g), and (i), a copy of this Stipulation must be provided to them and the person or a representative of the entity must execute an acknowledgement in substantially the same form as attached as Exhibit A hereto. The original executed acknowledgement form shall be retained by counsel for the party sharing the "Confidential" or "Confidential—Attorney's Eyes Only" information until the final termination of this Action, the date of which is set forth in Paragraph 15.

10. <u>Disclosure to Expert Witness or Consultant</u>. Before any disclosure of Confidential/AEO Litigation Material, or notes, extracts or summaries of such Confidential/AEO Litigation Material, is made to an expert witness or consultant pursuant to paragraph 4(f), counsel for the Party that intends to make the disclosure shall procure the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation.

11. <u>Use of Confidential Material</u>. Litigation Material designated as "Confidential" or "Confidential—Attorney's Eyes Only") may be used in support of, and in opposition to, motions in this matter. The party intending to use Confidential/AEO material for purposes of any publicly filed motion, brief, or memoranda must notify the Producing Party fourteen (14) days before the material is to be filed or as soon as practicable in the event that exigent circumstances so require.

If the Producing Party disputes the inclusion of such Confidential/AEO material in the public filing, the Parties shall confer in good faith to resolve the dispute without any need for Court intervention. Should the Parties not reach a resolution, the Confidential/AEO material shall be filed under seal only if the Court grants an application to file such document(s) under seal. If the Court denies a party's request to file a document containing designated Confidential/AEO material under seal, a Party is free to file such document in the ordinary course. At all times throughout this Action, to the extent practicable the parties shall endeavor to use redactions as permitted by FRCP 5.2 rather than filing under seal.

The inclusion of any Confidential/AEO material in a public filing or at trial shall not constitute a waiver of any claim of confidentiality or privilege, or modify any party's rights or obligations under this Stipulation, with regard to the Litigation Material so used.

11.   Challenging a Confidential Designation.   Any Party may challenge the Producing Party's decision to designate material as "Confidential" or "Confidential—Attorney's Eyes Only."

In the event a Party disagrees with a designation of documents or information as "Confidential" or "Confidential—Attorney's Eyes Only", the disagreeing party shall notify the Producing Party of such disagreement in writing. The parties shall first try to resolve such disputes in good faith on an informal basis. If the parties cannot resolve the dispute within fourteen (14) days of the disagreeing party's written notification of the challenge to the designation, the disagreeing party may seek affirmative relief from the Court to declassify the material in question. Any such motion must be made within thirty (30) days of the initial notification of the disagreement unless the disagreeing parties agree to extend that time. The burden shall be on the Producing Party to demonstrate that the documents or materials require continuing protection. Until any dispute under this Paragraph is either resolved informally or ruled upon by the Court,

8

the Producing Party's confidential designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required in accordance with this Stipulation.

12. <u>Document Requests from Non-Parties</u>.  If a Party in possession of Litigation Material designated Confidential/AEO that was so designated by another Party or non-party receives a subpoena or a request to produce records with an executed authorization from a non-party seeking production or other disclosure of material designated Confidential/AEO, it shall promptly give written notice to counsel for the Producing Party (and, if the designating Party is not the same entity, the designating Party as well), identifying the Confidential/AEO material sought and enclosing a copy of the request or subpoena, and provide the Party and/or non-party that is being notified with a reasonable opportunity to object to the disclosure – where possible, at least ten (10) days' notice before production or other disclosure of the Confidential/AEO material. In no event shall production or disclosure be made before notice is given. In the case of subpoenas, if the party claiming confidentiality moves to quash or modify the subpoena or order, then the recipient of the subpoena shall not oppose such motion and shall consent to any application for a stay of the subpoena or order until such time as the motion is resolved, with the moving party having the obligation to have the motion heard at the earliest available time.

13. <u>Use of Confidential/AEO Material at Trial</u>.  The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential/AEO material and/or information at trial, including whether documents designated as "Confidential" or "Confidential—Attorney's Eyes Only" may be shown to witnesses and/or the jury.  The use of Confidential/AEO material and/or information during trial will be separately addressed, either by agreement between the parties or order of the Court.  The Producing Party reserves the right, however, to petition the

Court for protection with respect to such documents admitted into evidence as exhibits at trial.

14. <u>Disposition of Confidential Material</u>.  Within sixty (60) days after this Action is resolved, whether by settlement or after the final appeal in this Action is exhausted, all counsel and Parties who possess Confidential/AEO material will, at their option, either destroy the Confidential Material, maintain it in a manner consistent with the terms of this Stipulation, or return it to the party from which it was obtained, and, upon request of the other party or parties, certify in writing that it has done so.

15. <u>No Effect on Admissibility</u>.  Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.

16. <u>Privileged Material</u>.  If a Receiving Party receives Litigation Material that the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), the Receiving Party shall, upon receipt of demand by the Producing Party, immediately return the Litigation Material containing the Privileged Material without reserving a copy or copies. The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding. This Stipulation shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material.

17. <u>Miscellaneous</u>.  Entering into or otherwise complying with this Stipulation or producing or receiving Confidential/AEO Litigation Material shall not:

(a) prevent any Party or non-party from using in this or any other matter, or disclosing to any person or entity as it deems appropriate, its own Confidential/AEO Information;

(b) prevent any Party or non-party from using in this or any other matter, or disclosing to any person as it deems appropriate, any information that: (i) was publicly available or generally known at the time of disclosure, (ii) became publicly available or generally known after the time of disclosure through no fault of any Receiving Party, (iii) was known or possessed at the time of disclosure by the Receiving Party intending to use the information, (iv) was received from a third party who was under no obligation of confidentiality to the Producing Party, or (v) was developed independently of the disclosure; and

(c) operate as an admission that any particular Confidential/AEO Litigation Material contains, reflects or otherwise discloses any type of trade secret information, or other Confidential/AEO information.

18. <u>Amendments</u>. The provisions of this Stipulation may be modified by written agreement of the Parties, and this Stipulation is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

19. <u>No Probative Value</u>. The fact that a document, item or information is designated as Confidential/AEO shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information is or is not Confidential/AEO; (ii) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided in this Order; or (iii) whether any particular information is or is not relevant to any issue of this case.

20. <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make such amendments to this Stipulation as the Court deems appropriate. The provisions of this Stipulation regarding the

use and/or disclosure of Confidential/AEO Litigation Material shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order.

21.   <u>Written Notice</u>.  Written notice provided under this Order shall be by email to all counsel of record for all Parties and by any means designated by counsel for any non-parties or to the non-parties if they are unrepresented by counsel.  If no designation is made by counsel for any non-parties or to the non-parties if they are unrepresented by counsel, email shall be deemed sufficient written notice under this Paragraph and this Stipulation.

SO ORDERED THIS ___22___ DAY OF FEBRUARY _____, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

**ACKNOWLEDGEMENT**

**Exhibit A to Stipulated Protective Order**

I, _____, state the following:

1. I have read and understand the attached Stipulated Protective Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Stipulated Protective Order. I agree to be bound by the terms of the Stipulated Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2. I shall not use or disclose to others, except in accordance with the Stipulated Protective Order, any "Confidential" documents or information. If I fail to abide by the terms of this Stipulated Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Stipulated Protective Order.

Date:_____

SIGNATURE:_____